[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a motion to recover attorney's fees based upon her claim that the plaintiff's action was brought in bad faith in a retaliatory manner designed to cause misery to a woman with whom he had previously been involved. CT Page 1048
In its Memorandum of Decision dated August 14, 1997, the court set forth its view of the facts and the action of the plaintiff and found that the case of the plaintiff was totally without merit and found that as a result the defendant should be awarded attorney's fees. On October 31, 1997, the court heard oral argument on the issue and counsel were given an opportunity to file briefs. The amount filed was $15,218.86. Counsel for the plaintiff did not dispute the amount of the fees. However, in his brief dated January 14, 1998, he claimed the defendant's demand for attorney's fees was made in conjunction with her counterclaim. However, the defendant fails to point out what portion of the fees were for the counterclaim and which were to defend the case. A review of the bill submitted does not specifically designate any portion to be attributable to the counterclaim alone. All such references are to the answer, special defense and counterclaim. However, the court on page 10 of its decision did not find that the defendant failed to prove her counterclaim. It specifically found that she did, but failed to establish the damages she suffered.
The plaintiff claims his action was colorable and that the defendant failed to prove that the claims were brought for improper purpose. On the contrary, the court in its decision found that the plaintiff's claims were totally false and that his testimony was not truthful. This was not a matter of two good faith litigants as claimed by plaintiff Accordingly, the court must agree with the defendant that the facts in this case require an award of attorney's fees. CFM of Connecticut, Inc. v. TaufiqulChowdhury, 239 Conn. 375 (1996).
The motion for attorney's fees is here by granted in the amount of $15,218.86.
D. Michael Hurley Judge Trial Referee